UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARK ROTHSCHILD,** | Case No. MISC. |
| Plaintiff | [related to Civil Action No. 1:19-cv-05240 pending in the United States District Court for the Eastern District of New York] |
| v. | |
| **GENERAL MOTORS LLC,** | |
| Defendant. | |

## SENSATA TECHNOLOGIES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH THIRD-PARTY DEPOSITION SUBPOENA

Sensata Technologies, Inc. ("Sensata") respectfully submits this memorandum in support of its motion to quash the subpoena Plaintiff Mark Rothschild ("Plaintiff" or "Rothschild") served in the lawsuit *Mark Rothschild v. General Motors, LLC*, No. 1:19-cv-05240, in the United States District Court for the Eastern District of New York (hereinafter, "subpoena" and attached as Exhibit 1 to Declaration of Timothy P. Jensen), for the following reasons:

- The subpoena imposes an undue burden on non-party Sensata under Federal Rule of Civil Procedure 45 because it requires Sensata to search for, review and produce documents responsive to twenty-five (25) separate and overly broad requests for an unlimited time period, it requires Sensata to conduct this process for records requested from, and obtained from, General Motors, LLC, and it requires the production of documents that are not relevant to the remaining claim in the operative complaint.

- The subpoena fails to allow a reasonable time for Sensata to comply because it gives just fourteen (14) days to search for, review and produce responsive information.

- The subpoena is also objectionable because it seeks confidential and privileged information from a non-party.

There is no justification for Rothschild to burden Sensata with the time and costs associated with searching for, reviewing and producing documents already sought from and produced by General Motors LLC, documents that are not relevant to Rothschild's narrow remaining claim

under GBL §349, and documents that are confidential and privileged. Sensata respectfully requests that the Court quash the subpoena, sustain its objections and award Sensata all of its costs incurred in responding to the subpoena, including reasonable attorneys' fees, under Federal Rule of Civil Procedure ("Rule") 45(d)(1).

## FACTUAL BACKGROUND

This case arises from "the sale or lease of thousands of 2016 – 2018 Chevy Malibu, 2017 – 2018 Buick LaCrosse, and 2018 Buick Regal vehicles throughout New York and the United States manufactured by Defendant GM" that are equipped with an allegedly "defective electronic throttle control and/or accelerator pedal position sensor" that allegedly "cause the vehicles to abruptly lose power, often at interstate highway speeds." Declaration of Timothy P. Jensen ("Decl."), Exhibit 2 (Feb. 10, 2020 Class Action Complaint ("Complaint")) at ¶2. According to the Complaint, the alleged "defect manifests with a significant and abrupt reduction of power accompanied by an 'Engine Power is Reduced' warning on the dashboard." *Id*.

Rothschild's Complaint against General Motors LLC ("GM") alleges violation of the Magnuson-Moss Warranty Act (First Claim for Relief), common law breach of warranty (Second Cause of Action), the need for injunctive relief (Third Claim for Relief), violation of New York Gen. Bus. Law §349 (GBL §349) (Fourth Cause of Action), and unjust enrichment (Fifth Cause of Action). On September 30, 2020, the court granted GM's motion to dismiss all of the claims in the Complaint, including the warranty claim based misrepresentations and omissions under GBL §349, but allowed the GBL §349 claim to the extent it alleged that GM knowingly concealed a defect from Rothschild and the class. Based on a review of the court's docket, on May 3, 2021, the court extended the deadline for completing fact discovery to August 30, 2021.

On July 21, 2021, Rothschild served a subpoena on Sensata's agent for process. Decl.,

Exhibit 1. The subpoena seeks production of documents in response to twenty-five (25) requests by August 5, 2021 and pursuant to a specific protocol and document format.  Sensata understands that Rothschild has requested many of the same documents from GM and that there is no reason to believe GM has not produced the requested records.

On July 26, 2021, Sensata served Rothschild with its objections to the requested documents. Decl., Exhibit 3.  The parties subsequently had discussions by phone and email in an attempt to narrow the issues in dispute, but were unable to mutually agree on a plan forward.

## ARGUMENTS AND AUTHORITIES

Rule 45(d)(3) requires the Court to quash or modify a subpoena when the subpoena "fails to allow a reasonable time to comply", "requires disclosure of privileged or other protected matter", or "subjects a person to undue burden." Rule 45(d)(3)(i), (iii), and (iv). Rule 45 also requires that non-parties be protected "from significant expense resulting from compliance" with a subpoena.  Rule 45(d)(2)(B)(ii).  In addition, Rule 26(b)(2) requires a court to limit discovery if the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if the discovery is not "relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(2)(C)(i), (iii).

Rule 45 directs that motions to quash are to be filed in "the court for the district where compliance is required".  Rule 45(d)(3)(A) & (B).  The subpoena seeks production of records by Sensata, which is located in Attleboro, Massachusetts.  Accordingly, the United States District Court for the District of Massachusetts is the court where "compliance is required" and where this motion is to be filed.

### A. **Rule 45 Requires the Court to Quash the Subpoena.**

Rule 45(d)(3) requires a court to quash or modify a subpoena that subjects a party to an

undue burden, fails to allow a reasonable time to comply, or seeks disclosure of privileged material. Rothschild's subpoena satisfies all three: (1) it subjects Sensata to an undue burden because it requires Sensata to search for, review and produce documents responsive to twenty-five (25) different overly broad requests for an unlimited time period, it requires Sensata to undertake this process for records requested from and presumably obtained from party GM and it requires the production of documents that are not relevant to the remaining claim in the operative complaint; (2) it fails to allow a reasonable time for compliance because it seeks production on 14 days' notice; and (3) it requires the disclosure of privileged or other protected material because it seeks internal documents that are by their very nature confidential and protected under the attorney client and work product privileges, among other protections.

    1.  **<u>The subpoena subjects Sensata to an undue burden.</u>**

        a.     **<u>The requests are overly broad.</u>**

Rule 45(d)(3) protects non-parties like Sensata from the undue burden imposed by Rothschild's subpoena. It states that the compliance court "must quash or modify a subpoena that: …(iv) subjects a person to undue burden." Rothschild's subpoena imposes an undue burden on Sensata because it purports to require Sensata to search for, review and then produce a laundry list of documents that date back more than five (5) years. Moreover, as detailed in its July 26, 2021 letter (Decl., Exhibit 3), the definitions are vague and confusing, the requests are overly broad, and responding to them would require speculation and guesswork. Also, as discussed below, the requested information is unreasonably cumulative and duplicative of information available from GM and, to the extent GM does not have the information, it is entirely irrelevant to Rothschild's remaining claim. Rothschild cannot justify the burden it is seeking to impose on Sensata through the subpoena and it should be quashed.

    **b.**  **The requests duplicate requests to GM and GM's production.**

Most, if not all, of the records Rothschild requests that Sensata search for and produce concern communications between GM and Sensata and information that would also be, to the extent it exists, in the possession of GM. *See* Request Nos. 9-13; 17-25 (requests explicitly seeking communications between Sensata and GM or documents between the two) and 1-4; 6-8; 14-16 (requests seeking documents from any source). Under the Rules, this is improper. Rule 26(b)(2) states:

> …the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules, if it determines that: (i) the discovery sought is unreasonably cumulative, duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; …

The information sought by Rothschild in the subpoena is unreasonably cumulative and duplicative of the same information it has requested and received from GM, a party to its civil action. To the extent Rothschild has not requested the information from GM, it has had ample opportunity to do so during the discovery period that was just extended to August 30, 2021. Either way, it is more convenient, less burdensome and less expensive to obtain the information Rothschild seeks in the subpoena from GM, a party, than from Sensata, a non-party.

    **c.**  **The requests seek information not relevant to the remaining claim.**

Rothschild's sole remaining claim alleges that GM violated GBL §349. "To succeed on a GBL §349 claim based on Defendant's purported concealment of the Defect, Plaintiff must allege that Defendant possessed 'material information' that was relevant to Plaintiff and the putative class and failed to provide this information." Decl., Exhibit 4 (September 30, 2020 Opinion and Order ("Decision") at p. 24). "Claims based on omissions are appropriate 'where the business alone possesses material information that is relevant to the consumer and fails to provide this

5

information.'" *Lebowitz v. Dow Jones & Co.,* 847 F. Supp.2d 599, 605 (S.D.N.Y. 2012) (internal citation omitted), *aff'd sub nom. Lebowitz v. Dow Jones & Co.*, 508 F. App'x 83 (2d Cir. 2013). *Id*.

As the Decision and *Lebowitz* make clear, the focus of the narrow GBL §349 claim at issue is on what information GM possessed and, of that information, what it allegedly failed to disclose to consumers like Rothschild. What information Sensata possessed is simply not relevant to what information GM possessed or disclosed. *See* Rule 26((b)(1) (limiting discovery to information relevant to a claim or defense and proportional to the needs of the case) and Rule 26(b)(2)(iii) (protecting parties where "the proposed discovery is outside the scope permitted by Rule 26(b)(1)"). As a result, seeking documents in Sensata's possession have no relevance to Rothschild's remaining GBL §349 claim. *See, e.g.*, Request Nos. 1-8, 14-16 (requesting, among other things, studies, analyses, tests, internal memoranda, meeting minutes, safety assessments in the possession of Sensata). Moreover, what GM knew or did or did not do as it relates to Rothschild and the class is information, if it exists, exclusively in the possession of GM.

**2.     The subpoena fails to allow a reasonable time for compliance.**

Rothschild's subpoena should also be quashed because it fails to allow reasonable time to comply. Rothschild served the subpoena on July 21, 2021 and sought compliance on just 14 days' notice. Rule 45(d)(3) requires a court to quash a subpoena that fails to allow a reasonable time to comply. The Rule does not specify what constitutes a "reasonable time," but courts applying the rule have stated that it is a case-specific inquiry. Given the fact that Rothschild seeks 25 categories of records dating back many years, and because of Rothschild's dilatoriness in waiting until the eve of the discovery deadline before requesting the information, 14 days' notice is patently unreasonable.

In determining whether notice is reasonable, courts will consider the reasons justifying the notice period and plaintiff's diligence in seeking the requested discovery. *See, e.g.*, *Ike-Ezunagu v. Deco, Inc.*, No. RWT 09-cv-526, 2010 WL 4822511 at *2 (D. Md. Nov. 22, 2010). In *Ike-Ezunagu*, the Court granted a motion to quash subpoenas giving no more than eight days' notice of several depositions of fact witnesses. The court noted the length of time that plaintiff had waited in noticing the depositions, the length of time the litigation had been pending, and the schedule in determining that eight days was not reasonable notice:

> The parties in this case have been engaged in discovery for almost thirteen months, yet Plaintiff waited until the proverbial eleventh hour and fifty-ninth minute to request subpoenas commanding the appearance of five individuals for depositions scheduled to occur on extremely short notice…. Requiring individuals to appear for depositions two to three days before Thanksgiving on—at most—eight days notice does not provide these individuals with 'reasonable time' to comply with the subpoenas and imposes on each an undue burden, especially in light of the length travel that would be required…. Given Plaintiff's dilatoriness in seeking to depose these individuals and the fact that they cannot be deposed by the deadline set in the Court's November 2, 2010 Order without imposing on them an undue burden, the Court shall, by separate order, deny the Plaintiff's 'emergency motion' and grant the Defendant's motion to quash.

Similarly, in *Donald J. Ulrich Associates., Inc. v. Bill Forge Private Limited*, No. 17-CV-10174, 2018 WL 6061083 at *2-3 (E.D. Mich. Nov. 20, 2018), the court quashed a subpoena for failing to give a reasonable time for compliance when the plaintiff waited until one week before the discovery deadline to serve the subpoena. The court stated, "Plaintiff had the opportunity to subpoena Nexteer well before the discovery deadline approached. In fact, the record shows that Plaintiff first subpoenaed Nexteer to produce certain discovery documents in this case on March 2, 2018. Finding no reason why Plaintiff waited until the eve of the discovery deadline to subpoena Nexteer for additional documents, the Court will quash Plaintiff's subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(i)." *Id.* at *3.

As in *Ike-Ezunagu* and *Ulrich Associates*, Rothschild waited until the last possible moment

7

to seek the discovery in the subpoena.

      3.      **<u>The subpoena seeks confidential privileged information</u>.**

The Court should also quash the subpoena because it seeks confidential and privileged information. While the majority of the requests seek communications or documents between GM and Sensata, the several requests that do not, seek internal Sensata documents that, to the extent they exist, are confidential and privileged. For example, Request No. 5 seeks "All internal memoranda, meeting minutes and meeting agendas (including but not limited to corporate/board meetings, executive committee meetings, engineering meetings, field information meetings, and quarterly assurance meetings) concerning its causes or symptoms, and the accelerator pedal sensor." Not only is this type of internal information treated as confidential by Sensata and not disclosed to the public, again, to the extent there is such information on this specific topic, it is also likely protected as attorney client privileged and/or work product protected. *See also* Request Nos. Request Nos. 1-8, 14-16.

**B.  <u>Fees and Costs.</u>**

Rule 45(d)(1) states in part that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." It also requires the court to "enforce this duty and impose an appropriate sanction which may include…reasonable attorney's fees – on a party or attorney who fails to comply." *Id.*

Here, there is no question that Rothschild is imposing an undue burden and expense on Sensata by pursuing document requests concerning overly broad and vague topics that date back over 5 years and where Rothschild has had every opportunity to obtain this information from GM. Sensata should be awarded its costs and reasonable attorney's fees for opposing Rothschild's attempts to duplicate and/or seek irrelevant information from the non-party Sensata.

## CONCLUSION

For the reasons detailed above, Sensata respectfully requests that the Court quash Rothschild's subpoena under Federal Rules of Civil Procedure 26(b) and 45(d)(3) and award Sensata any costs of compliance, including the costs and reasonable fees incurred in quashing the subpoena under Rule 45(d)(1).


Dated: August 5, 2021

Respectfully submitted,
SENSATA TECHNOLOGIES, INC.,
DEFENDANT,
By its attorney,


By __/s/ Michael T. McCormack__
   Michael T. McCormack (BBO680656)
   Timothy P. Jensen (BBO 624968)
   O'Sullivan McCormack Jensen & Bliss PC
   180 Glastonbury Blvd., Suite 210
   Glastonbury, CT  06033
   Phone (860) 258-1993
   Fax (860) 258-1991
   tjensen@omjblaw.com
   mmccormack@omjblaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 5, 2021, the following documents were served on counsel for the parties identified by email and regular mail at the addresses below:

*-Motion to Quash*
*-Declaration of Timothy P. Jensen and attached Exhibits*
*-Memorandum in Support of Motion to Quash*
*-Corporate Disclosure Statement*

| **For the Plaintiff Mark Rothschild** | **For the Defendant General Motors LLC** |
|---|---|
| Nicholas A. Migliaccio<br>Jason S. Rathod<br>Esfand Y. Nafisi<br>MIGLIACCIO & RATHOD LLP<br>412 H Street N.E., Suite 302<br>Washington, DC 20002<br>nmigliaccio@classlawdc.com<br>jrathod@classlawdc.com<br><br>Daniel Levin<br>Nicholas Elia<br>LEVIN SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>DLevin@lfsblaw.com<br>NElia@lfsblaw.com | Jacqueline K. Seidel<br>KING & SPALDING LLP<br>1185 Avenue of the Americas, 34th Floor<br>New York, NY 10036<br>jseidel@kslaw.com<br><br>Stephen B. Devereaux<br>Susan M. Clare<br>Adam Reinke<br>KING & SPALDING LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309<br>sdevereaux@kslaw.com<br>sclare@kslaw.com<br>areinke@kslaw.com |

                        By  /s/ Michael T. McCormack
                           Michael T. McCormack (BBO680656)